Dear Senator Riser,
This office is in receipt of your letter dated December 5, 2008, requesting an Attorney General Opinion interpreting La.R.S. 14:1955, which is entitled Assistance dog trainers and puppy raisers; rights;liability. Specifically, you ask whether a trainer and dog are to be allowed into a business.
The Louisiana White Cane Law, La.R.S. 46:1951 et seq., was enacted in order to allow individuals with certain handicaps, who are aided by assistance dogs, to lead a normal life and have all the same opportunities available to the non-handicapped general public. These statutes define the rights and liabilities of all who utilize and train these animals.
La.R.S. 46:1955 addresses your question and states:
 During the training of an assistance dog, any trainer or puppy raiser of such dog shall have the same rights and privileges as a physically disabled person to be accompanied by an assistance dog in any place or facility provided in this Chapter without being required to pay an extra charge for such dog. However, during the training of an assistance dog, he shall be liable for any damages done to any person, premises, or facility by the assistance dog.
La.R.S. 46:1955 grants any trainer or puppy raiser, during the training of an assistance dog, the same rights afforded a physically disabled person accompanied by an assistance dog. These rights include access to those businesses described in La.R.S. 46:1953, which states:
 A. Every physically disabled person shall have the same right as an able-bodied person to the full and free use of *Page 2 
the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places.
 B. Every physically disabled person shall be entitled to full and equal accommodations, advantages, facilities, and privileges in the following, subject only to the conditions and limitations established by law and applicable alike to all persons:
 (1) Common carriers, including taxis, airplanes, motor vehicles, railroad trains, motor buses, streetcars, boats, or any other public conveyances or modes of transportation operated on land or water, in the air, or any stations and terminals thereof.
 (2) Educational institutions, including but not limited to kindergartens, primary and secondary schools, trade or business schools, high schools, academies, colleges, and universities.
 (3) Hotels, lodging places, restaurants, theaters, places of public accommodation, amusement, or resort.
 (4) Other places to which the general public is invited.
 C. Every physically disabled person may be accompanied by an assistance dog, especially trained to aid such person, in any of the places provided in Subsection B of this Section without being required to pay an extra charge for such dog. However, he shall be liable for any damage done to the premises, facilities, operators, or occupants by such dog.
 D. Nothing in this Section shall require any person who owns, leases, or operates any public conveyance or modes of transportation, educational institutions, hotels, restaurants, theaters, lodging places, places of public accommodation, amusement, or resort, and other places *Page 3 
to which the general public is invited, to modify his property or facility in any way or provide a higher degree of care for a physically disabled person than for a person who is not physically disabled.
The law is clear and unambiguous that a service dog in training should have access to any business which is open to the general public. La.R.S. 46:1955 also makes it clear that the trainer handling any assistance dog is responsible for any damages done to any person, premises, or facility by the assistance dog.
Finally, note La.R.S. 46:1956 imposes penalties upon those who attempt to deny an assistance dog trainer access to those facilities defined in La.R.S. 46:1953. La.R.S. 46:1956 provides:
 A. Any person, firm, or corporation, or the agent, representative, or employee of any person, firm, or corporation who: withholds, denies, deprives, or attempts to withhold, deny, or deprive; intimidates, threatens, coerces, or attempts to threaten, intimidate, or coerce; punishes or attempts to punish a physically disabled person or a trainer or puppy raiser of an assistance dog, during the training of such dog, or for exercising his right to be admitted to or enjoy the places and facilities provided in this Chapter; or otherwise interferes with the rights of a physically disabled person under this Chapter shall be guilty of a misdemeanor and fined not less than one hundred dollars nor more than five hundred dollars or imprisoned for not more than six months, or both.
 B. Any person who purposely or negligently injures an assistance dog or any owner of a dog who allows that dog to injure an assistance dog because he fails to control or leash the dog shall also be guilty of a misdemeanor and fined not less than one hundred dollars nor more than five hundred dollars or imprisoned for not more than six months, or both. Such person shall also be liable for any injuries to the assistance dog and, if necessary, the replacement and compensation for the loss of the assistance dog. *Page 4 
 C. For every offense, such person shall pay for actual damages for any economic loss to any person aggrieved thereby, to be recovered in any court of competent jurisdiction in the parish where such offense was committed or where the aggrieved person resides.
 D. In an action brought under this Section, the court may award costs and reasonable attorney's fee to the prevailing party.
Title 46:1956 states that a person who injures or interferes with these animals is guilty of a misdemeanor and shall be fined not less than $100 or more than $500 or imprisoned for not more than six months or both. The statute further allows for a civil damages action and the recovery of costs and attorney's fees for any actions which may injure these valuable animals.
If you have any further questions, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ Sallie J. Sanders Assistant Attorney General
 SJS/mcl
 cc: Cynthia Starr